*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0227P (6th Cir.)
File Name: 04a0227p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

TRENTON MILLENDER,
  *Petitioner-Appellant,*

  *v.*                                   No. 02-1403

STANLEY ADAMS,
  *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-70945—Gerald E. Rosen, District Judge.

Argued: April 29, 2004

Decided and Filed: July 15, 2004

Before: KENNEDY, MARTIN, and ROGERS, Circuit
Judges.

———————

### COUNSEL

**ARGUED:** John F. Royal, Detroit, Michigan, for Appellant.
Laura Graves Moody, OFFICE OF THE ATTORNEY
GENERAL, HABEAS CORPUS DIVISION, Lansing,
Michigan, for Appellee. **ON BRIEF:** John F. Royal, Detroit,
Michigan, for Appellant. Laura Graves Moody, OFFICE OF

THE ATTORNEY GENERAL, HABEAS CORPUS
DIVISION, Lansing, Michigan, for Appellee.

———————

### OPINION

———————

BOYCE F. MARTIN, JR., Circuit Judge. Mr. Trenton
Millender appeals the judgment of the district court denying
his 28 U.S.C. § 2254 petition for a writ of habeas corpus.
This Court granted a certificate of appealability on four
issues: (1) whether Mr. Millender's trial counsel was
constitutionally ineffective; (2) whether the Michigan trial
court's failure to instruct jurors on mistaken identity and
impeachment by a prior inconsistent statement denied
petitioner a fair trial; (3) whether comments the prosecutor
made in closing argument denied petitioner a fair trial; and (4)
whether the cumulative effect of these alleged errors denied
petitioner a fair trial. For the reasons that follow, we affirm
the judgment of the district court.

I.

Late in the evening in July 1994, petitioner and two other
individuals broke into a home to commit a robbery. Once
inside the home, the three assailants brutally assaulted its
occupants. Based on these actions, a Michigan state-court
jury convicted Mr. Millender of three counts of first-degree
criminal sexual conduct, three counts of armed robbery, one
count of assault with intent to do great bodily harm, three
counts of felonious assault, and one count of felonious
possession of a firearm during the commission of a felony.
The trial court sentenced petitioner to a lengthy prison term
following this conviction.

The Michigan Court of Appeals subsequently denied two
motions to remand and a motion for rehearing filed by
petitioner. Thereafter, in October 1996, the Michigan Court

of Appeals affirmed his conviction. In December 1997, the Michigan Supreme Court denied petitioner's motion for leave to appeal and, in February 1998, the Michigan Supreme Court denied his motion for reconsideration. Petitioner then moved for an evidentiary hearing in the United States District Court. The district court denied this motion without prejudice in March 2000. In February 2002, the district court also denied petitioner's petition for a writ of habeas corpus and *sua sponte* denied him a certificate of appealability. In October 2002, this Court granted Mr. Millender's request for a certificate of appealability, and we certified four issues for review.

## II.

We review a grant or denial of a petition for writ of habeas corpus *de novo* and the factual findings of the district court for clear error. *Lott v. Coyle*, 261 F.3d 594, 606 (6th Cir. 2001). Under 28 U.S.C. § 2254, a writ of habeas corpus may not be granted unless the state-court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Section 2254(d)(1) defines two categories of cases in which a state prisoner may gain habeas relief. *See Williams v. Taylor,* 529 U.S. 362 (2000) (O'Connor, J., concurring).

> To gain habeas relief under the first category, involving state decisions contrary to federal law, a defendant must show that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of

law' or that the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the second category, involving the unreasonable application of federal law by a state court, a federal habeas court must ask whether the state court's application of clearly established federal law was objectively reasonable. If the federal court finds that, viewed objectively, the state court has correctly identified the governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the prisoner's case, it may grant the writ.

*Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000) (citation and internal quotations omitted). With respect to all four issues raised by petitioner, we find no error in the judgment of the district court and affirm.

## III.

The first issue Mr. Millender raises to support his claim for habeas relief is ineffective assistance of counsel. Petitioner alleges that his attorney violated his right to effective representation, which is guaranteed under the Sixth Amendment in criminal cases. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Millender advances several grounds for relief to support this claim, including his attorney's failure to object to the introduction of evidence, failure to object to various in-court identifications and prosecutorial remarks, failure to call a rebuttal witness, and failure to make an opening statement or request certain instructions. We review *de novo* the district court's judgment on an ineffective-assistance-of-counsel claim. *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003).

In its review of the ineffective-assistance-of-counsel claim, the district court applied the standard set out in *Strickland* and ruled that Mr. Millender's counsel was not constitutionally ineffective. The *Strickland* standard involves a two-step inquiry that requires a petitioner to show (1) that his trial representation was deficient, or objectively unreasonable, and (2) that prejudice resulted from this representation. *Strickland*, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Mr. Millender argues that the district court erred not only in ruling that his counsel was not ineffective, but also in analyzing his claim under the *Strickland* standard rather than the less stringent standard set out in *United States v. Cronic*, 466 U.S. 648 (1984). Under *Cronic*, prejudice is presumed, and therefore need not be proved, if petitioner's counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing[.]" *Cronic*, 466 U.S. at 659.

Throughout the trial, petitioner's attorney was an active participant: he cross-examined witnesses, made proper objections, and presented a closing argument. This level of representation does not fall below the low threshold required by *Cronic*. Therefore, the district court did not err in its application of the *Strickland* standard, and we rely on the same standard in our review of this claim.

## A.

Petitioner alleges that his attorney's failure to file a motion to suppress evidence from witness and voice-identification police lineups and in-court identifications constitutes ineffective assistance of counsel. Under *United States v. Wade*, 388 U.S. 218 (1967), a defendant may have the right to a pretrial hearing to contest the validity of an out-of-court identification. Petitioner argues that his attorney should have requested a *Wade* hearing to suppress the lineup identifications because he claims these identifications were

impermissibly suggestive. He alleges the lineup was suggestive because he was the tallest suspect; he alleges the voice identification was suggestive because, according to him, his voice did not sound "in any way" like the other suspect's voices and it was conducted at the same time as the identification lineup. Petitioner also argues that his attorney should have objected to in-court identifications of him because eyewitness testimony is "extremely unreliable" yet has a profound impact on juries. Thus, according to petitioner, his attorney's failure to file a motion to suppress this identification evidence constitutes ineffective assistance of counsel because his primary defense was mistaken identity.

We hold that petitioner's attorney's failure to file a motion to suppress does not constitute ineffective assistance of counsel. In some circumstances, discrepancies in height may be impermissibly suggestive. *See Foster v. California*, 394 U.S. 440, 442-43 (1969). Although petitioner was taller than the other suspects used in the lineup, he was only one inch taller than two other suspects, all of whom were roughly the same height, and all of the suspects were dressed similarly and were approximately the same age. In addition, as the Michigan Court of Appeals pointed out, the fact that only three of the six victims identified petitioner in the lineup belies his argument that it was impermissibly suggestive. As to the voice-identification evidence, a defense attorney present at the lineup made no objection to or comments about any discrepancy in the voices. Consequently, because there was nothing to suggest that the lineup procedure was in any way improper, petitioner's counsel was not ineffective for failing to seek a *Wade* hearing or failing to suppress evidence concerning the three victims' identification of petitioner during that lineup. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) (holding that counsel was not ineffective for failing to file motion where there was no reasonable probability that motion would be granted).

Further, because the lineup was not impermissibly suggestive, petitioner's counsel did not err in failing to object

to the in-court identification of petitioner by victims who had failed to identify petitioner during the lineup. As recognized by the district court, the victims' failure to identify the petitioner during the lineup went to the credibility of the in-court identifications, not their admissibility. *United States v. Causey*, 834 F.2d 1277, 1286 (6th Cir. 1987); *People v. Barclay*, 528 N.W.2d 842 (Mich. App. 1995). Consequently, petitioner's counsel was not ineffective for failing to object to the admission of the in-court identifications.

### B.

Petitioner also alleges that his attorney's failure to object to the introduction into evidence of a picture of a pair of pliers found at the crime scene, a similar pair of pliers, a handgun, a shotgun, and photographs of the guns constitutes ineffective assistance of counsel. He argues that the introduction of these items, none of which were proven to be weapons used in the crime, was inflammatory and prejudiced the jury against him.

Though the sight of these items, given the violent nature of the crime, may have been unpleasant for the jury, the attorney's failure to object to their admittance does not constitute ineffective assistance of counsel. Applying *Strickland*, we hold that it was not objectively unreasonable for Mr. Millender's attorney not to object to the admittance of this evidence. *See Strickland*, 466 U.S. at 687-91. None of the items had petitioner's fingerprints on them and none were found in his possession. Thus, this evidence reasonably could have weighed in petitioner's favor in the jury's determination of guilt. Therefore, the judgment of the district court on the physical-evidence-admission issue is affirmed.

### C.

As another basis for his ineffective-assistance-of-counsel claim, petitioner argues that his attorney should have made an opening statement. An attorney's decision not to make an opening statement "is ordinarily a mere matter of trial tactics

and . . . will not constitute . . . a claim of ineffective assistance of counsel." *Millender v. Adams*, 187 F. Supp. 2d 852, 870 (E.D. Mich. 2002), quoting *United States v. Rodriquez-Ramirez*, 777 F.2d 454, 457 (9th Cir. 1985). We find no error in the district court's determination that the attorney's decision was not objectively unreasonable, and therefore did not amount to ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687-91. We affirm the judgment of the district court on this issue.

### D.

Petitioner complains that his attorney was ineffective for failing to request jury instructions on mistaken identity, which was petitioner's only defense, and on the impeachment of witnesses by prior inconsistent statements. Even assuming that petitioner's counsel erred in failing to request these instructions, however, petitioner has not demonstrated prejudice because—for the reasons set forth in the district court's opinion—the instruction given by the court and counsel's closing arguments put the issues squarely before the jury. *Millender*, 187 F. Supp. 2d at 873-74; *Weighall v. Middle*, 215 F.3d 1058, 1063 (9th Cir. 2000).

### E.

Petitioner next argues that his attorney's failure to object to alleged prosecutorial misconduct during the prosecutor's closing argument constitutes ineffective assistance of counsel. "On habeas review, a court's role is to determine whether [alleged prosecutorial misconduct] was so egregious as to render the entire trial fundamentally unfair." *Millender*, 187 F. Supp. 2d at 875, citing *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355-56 (6th Cir. 1993). In conducting such a determination, a reviewing court first decides whether the alleged misconduct was improper and, if it was, then decides whether the misconduct was "so flagrant as to constitute a denial of due process and warranting granting a writ." *Id.* at

875, citing *Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000).

We agree with the district court's conclusion that the prosecutor's remarks were not improper. As noted by the district court:

This was not improper argument because recounting these factual allegations did not only appeal to the jury's sympathies. Summarizing the nature of the crimes committed and the circumstances of their commission also served to educate the jury as to why some of the victims were able to identify Petitioner as one of the perpetrators and some were not. Further, by summarizing the totality of the crimes committed by Petitioner and in his presence, the prosecutor sought to show that Petitioner was guilty of these crimes as either a principal or an aider and abettor. To the extent that the prosecutor's depiction of the crimes served to educate the jury about the difficulties faced by the victims as witnesses and about the culpability of Petitioner as either a principal or an aider and abettor his argument was not improper.

*Id.* at 875.

### F.

As another basis to support his ineffective-assistance-of-counsel claim, petitioner alleges that his attorney's failure to call a rebuttal witness amounts to constitutionally defective representation. Petitioner argues that his attorney should have called a witness to establish that he was out of state the day before the crime occurred to rebut a witness's testimony that the latter witness had seen him on that day at a local hospital. The failure to call a witness to rebut this testimony, according to petitioner, cannot be attributed to trial strategy.

We find no merit to this argument. The witness testified that he saw petitioner "the Sunday before" the crime, which occurred on a Monday. This is a vague statement and does not specify whether he meant the Sunday immediately preceding the crime or the Sunday from the week before. Furthermore, the movements of petitioner the day *before* the crime are not exculpatory points. "A defense counsel has no obligation to call or even interview a witness whose testimony would not have exculpated the defendant." *Millender*, 187 F. Supp. 2d at 877, citing *Marra v. Larkins*, 111 F. Supp. 2d 575, 585 n.13 (E.D. Pa. 2000). Therefore, on these facts, the failure to call a rebuttal witness does not amount to constitutionally defective assistance of counsel sufficient to even reach the *Strickland* prejudice inquiry. For this reason, we affirm the district court on this issue.

### G.

The final argument petitioner makes under his ineffective-assistance-of-counsel claim is that the cumulative effect of these alleged attorney errors effectively denied him a defense. Petitioner relies on the "no meaningful adversarial testing" standard set forth in *Cronic*, 466 U.S. at 659, and repeats that his attorney failed to subject his case to any meaningful challenge. Petitioner also cites the dissent in *Moss v. Hofbauer*, 286 F.3d 851 (6th Cir. 2002), to support this claim.

As stated previously in this opinion, the *Cronic* standard is inapplicable to petitioner's representation because petitioner's attorney engaged in an active defense at trial. Even under the *Strickland* standard, petitioner's argument is unpersuasive, as we do not find more than one error to consider cumulatively under this argument. For these reasons, we find no basis upon which to grant petitioner relief on this claim and hold that the district court properly denied petitioner an evidentiary hearing.

IV.

As a second ground upon which to grant habeas relief, Mr. Millender argues that the trial court erred in not *sua sponte* instructing the jury on mistaken identity and impeachment by prior inconsistent statement. Petitioner alleges that the court's failure to instruct on these two points deprived him of his constitutional right to a fair trial.

Unlike a state appellate court, federal courts reviewing habeas petitions do not grant relief on a jury-instruction claim simply because the instruction may have been deficient in comparison to state-law models. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). Instead, our review is limited to determining whether an alleged erroneous jury instruction "so infected the entire trial that the resulting conviction violates due process." *Ibid.*, quoting *Cupp v. Naughten,* 414 U.S. 141, 147 (1973). Although our focus is generally limited to allegedly erroneous instructions, we find no reason to distinguish this argument from the alleged failure to include an instruction *sua sponte* in this case.

For the reasons stated previously in regard to petitioner's claim that his attorney's failure to request these instructions constituted constitutionally deficient representation, we are similarly unpersuaded now. The trial court's failure to include these instructions did not infect the trial such that petitioner's conviction violates due process. In addition, petitioner procedurally defaulted on this issue and failed to establish cause and prejudice. Similarly, we are unpersuaded that failure to consider this claim would amount to a "fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750, as the omitted instructions would not have added any elements to his defense, *Barker v. Yukins*, 199 F.3d 867, 875-76 (6th Cir. 1999), nor shifted a burden of proof, *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979). Therefore, we find no basis upon which to grant relief and affirm the district court on this issue.

V.

As a third ground for habeas relief, Mr. Millender argues that his right to due process was violated by the prosecutor's deliberate and repeated misconduct. Specifically, petitioner alleges that the prosecutor's closing argument, which consisted of a synopsis of the violent crime and an alleged appeal to the jurors' sympathies, was improper. Petitioner also argues that the prosecutor violated the rules of evidence when he "falsely" stated that certain witnesses had seen the petitioner prior to the day of the crime and when he referred to guns that had been admitted into evidence but had not been specifically identified by the victims as the guns used during the crime. To determine whether relief on this ground is warranted, we first consider whether the statements were improper and, if they were, whether this impropriety amounts to reversible error. *U.S. v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994).

Petitioner cites *Washington v. Hofbauer* to support his claim that the prosecutor's misconduct was improper. In *Hofbauer*, the prosecutor went far beyond the bounds of permitted conduct by introducing evidence of the defendant's unseemly character, including statements about his alleged abusive behavior, excessive alcohol consumption, and drug abuse. *Hofbauer*, 228 F.3d at 699-700. The petitioner's attorney in that case also failed to object to the misconduct. This Court held that the prosecutor's statements were improper, and we reversed the district court for the failure of both the prosecutor and defense attorney to perform their respective duties. *Id.* at 709.

Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Bowling .v Parker*, 344 F.3d 487, 512 (6th Cir. 2003). As this court recently recognized:

To be cognizable, the misconduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. Even if the

prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair.

*Id.* (internal quotations omitted). For the reasons noted above in Part III.E., the prosecutor's detailed recitation of the events on the night of the robbery were not improper. We further conclude that, even assuming that the other remarks cited by the petitioner were improper, the statements were not so flagrant as to warrant reversal.

Flagrancy is determined by an examination of four factors: "1) whether the statements tended to mislead the jury or prejudice the defendant; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused."

*Boyle*, 201 F.3d at 717, quoting *Carroll*, 26 F.3d at 549, 550. First, although the prosecutor's remark that "the victims in the house" remembered seeing the petitioner the Sunday before the crime implies that more than one victim saw the petitioner, the isolated slip of the tongue was unlikely to mislead the jury. Second, although the guns in question had not been identified by the victims as the weapons used during the crime, the guns had been seized from petitioner's co-defendants and had been admitted into evidence. In any event, it is undisputed that the guns used during the robbery were at least similar to the guns at trial and there is no reason to believe that the prosecutor's remarks confused the jury. In light of the total evidence against the petitioner, we conclude that the isolated remarks concerning witnesses did not amount to a denial of due process.

VI.

As a final argument to support habeas relief, Mr. Millender argues that the cumulative effect of the alleged errors he presents supports granting relief. In addition to finding no errors to consider cumulatively even if such a task were within this Court's province, we reiterate that "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine*, 291 F.3d at 447. For this reason, we affirm the judgment of the district court on this issue.

In conclusion, based on the foregoing, we hereby affirm the judgment of the district court denying habeas relief.