File Name: 05a0889n.06
Filed: November 10, 2005

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 04-1865

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

DWIGHT HENLEY,

      Petitioner-Appellant,

v.

JOHN CASON,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Dwight Henley appeals the district court's denial of his petition for a writ of habeas corpus based on prosecutorial misconduct stemming from a trial, and later conviction, of first-degree felony murder. This Court affirms the district court in finding that the prosecutor's conduct in this case, while not ideal, does not rise to the level of misconduct to justify habeas relief.

On March 3, 1993, Gary Gould was shot and stabbed to death in a parking lot in Lincoln Park, Michigan. Henley was tried and convicted of first-degree felony murder for the killing of Gould during the course of a robbery and was sentenced to prison for life in November of 1995. During Henley's trial, the prosecutor made a number of comments regarding scientific "testing" of witnesses' statements for truthfulness. Additionally, the prosecutor insinuated that Henley was a

part of a deceptive "underworld," commented that the defense attorney's arguments were "almost

pathetic", and referred to the grand jury proceedings as substantive evidence during the trial. Henley

appealed his conviction through the Michigan courts and was ultimately denied by the Michigan

Supreme Court. His petition for habeas corpus relief was denied by the district court on June 10,

2004.

This Court reviews a denial of a petition for writ of habeas corpus *de novo*. *Millender v.

Adams*, 376 F.3d 520, 523 (6th Cir. 2004). Claims of prosecutorial misconduct are reviewed

deferentially on habeas review. *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). In order to

violate due process, a prosecutor's statements must have been "so flagrant as to render the entire

trial fundamentally unfair." *Id.* Flagrancy is determined by an evaluation of four factors: 1) whether

the statements tended to mislead the jury or prejudice the defendant; 2) whether the statements were

isolated or among a series of improper statements; 3) whether the statements were deliberately or

accidentally before the jury; and 4) the total strength of the evidence against the accused. *Boyle v.

Million*, 201 F.3d 711, 717 (6th Cir. 2000).[1]

Henley has raised four separate instances of prosecutorial misconduct as the grounds for his

appeal. We will address each separately.

First, Henley claims that the prosecutor's repeated references to "testing" and "investigative

procedures" are thinly veiled references to a polygraph test. The existence of a polygraph test or the

---

[1]We find Henley's reliance on this Court's decision in *Hodge v. Hurley*, — F.3d —, 2005 WL 2508713 (6th Cir. 2005) to be misplaced. That decision is distinguishable from this case in two ways: 1) the actions by the prosecutor in that case were much more egregious and 2) in that case, the ineffective assistance of counsel was the reason for reversal.

results from such a test are inadmissible in the state of Michigan. *People v. Barbara*, 255 N.W.2d 171 (Mich. 1977). However, the district court found that the inference from the comments the prosecutor made to the conclusion that the jury understood that a polygraph was administered was too attenuated. Because the prosecutor never used the term "polygraph test," we are inclined to agree with the district court. Additionally, the instances in question were only a handful of times during a two-week trial, including a number of other persuasive sources of evidence against Henley.

The prosecutor's characterization of Henley as being a part of the drug trafficking "underworld" is also not enough to justify habeas relief. A prosecutor is allowed to argue reasonable inferences from the evidence. *Byrd v. Collins,* 209 F.3d 486, 535 (6th Cir. 2000). The prosecutor in this case merely put a number of inferences into narrative form and did not reach the level of violating Henley's due process rights.

Henley also challenges the prosecution's denigration of the defense counsel in this case. The prosecutor's statements with respect to the strength of the defense may have been improper, but do not rise to the level of flagrancy required to justify habeas relief in this case.

The final instance of misconduct cited to by Henley is the prosecution's reference to the grand jury proceedings throughout the trial. While a grand jury investigation or indictment may not be used as substantive evidence of guilt, *see Taylor v. Kentucky*, 436 U.S. 478, 485 (1978), the jury in this case was instructed twice by the trial judge to not consider the grand jury investigation as evidence. There exists an expectation that jurors follow instructions from the bench because they have taken an oath to do so. *United States v. Powell*, 469 U.S. 57, 66 (1984). We find that the jury

instruction was enough to insulate Henley from any potential error caused by the prosecution's references to the grand jury.

Finally, we do not find that the cumulative effect of all four of these instances of misconduct rise to the level of flagrancy, violating Henley's due process rights. Therefore, for the reasons above, we AFFIRM the decision of the district court.