NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0714n.06

No. 09-2360

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 17, 2010**
LEONARD GREEN, Clerk

DAVID SCHAUER,                               )
                                             )
    Petitioner-Appellee,                 )
                                             )
v.                                           )  ON APPEAL FROM THE UNITED
                                             )  STATES DISTRICT COURT FOR THE
KENNETH MCKEE, Warden, Warden of             )  EASTERN DISTRICT OF MICHIGAN
Bellamy Creek Correctional Facility,         )
                                             )
    Respondent-Appellant.                )

Before:  MERRITT, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.  Petitioner David Schauer filed a writ of habeas corpus in district court under 28 U.S.C. § 2554 following his state-court conviction for first-degree criminal sexual conduct. The district court conditionally granted the petition based upon his claims of ineffective assistance of counsel and prosecutorial misconduct.  The state appeals.  Because Schauer's defense counsel's purported errors do not qualify as ineffective assistance, and because Schauer cannot show the necessary cause to permit collateral review of his procedurally defaulted prosecutorial misconduct claim, we reverse the district court's decision granting habeas relief.

I.  Background

A Michigan jury convicted Schauer of first-degree sexual misconduct arising from the sexual assault of his teenage daughter ("the complainant").  At trial, the prosecution presented no physical

or circumstantial evidence. In his opening statement, defense counsel explained that the case focused squarely on the complainant's testimony, but that he would prove she was unreliable. Specifically, he told the jury he would "call any witness the People don't [call] that they have talked to," and "show you how her stories have changed." (Trial Tr. 150.)

The complainant testified that on the night of the offense she was asleep in her bedroom. Schauer entered the room, woke her, and engaged in sexual intercourse with her. Afterwards, Schauer threatened the complainant that if she told anyone about the incident, he would harm her or her family members. The complainant did not tell anyone; instead she wrote a note to her mother disclosing the sexual assault, but never delivered it. The complainant's mother eventually found the note and confronted her. The complainant then admitted that Schauer had sexually abused her.

The prosecution also called several witnesses who had talked to the complainant, including her mother, her friend, and the police officers who interviewed her. In his closing argument, defense counsel attacked the complainant's credibility by pointing out the disparities in these witnesses' testimony. He presented "inconsistency charts" highlighting how the complainant's stories had changed. Despite defense counsel's efforts, the jury returned a guilty verdict, and the court sentenced Schauer to fifteen to thirty years' imprisonment.

Following his conviction, Schauer appealed to the Michigan Court of Appeals. He asserted five grounds for relief, including prosecutorial misconduct and ineffective assistance of counsel. Specifically, Schauer claimed that the prosecution prejudicially vouched for the complainant, and

that defense counsel provided ineffective assistance by failing to object to this vouching and to the prosecution's introduction of hearsay testimony. The appellate court rejected Schauer's claims and affirmed the conviction. *People v. Schauer*, No. 247721, 2004 WL 1672450 (Mich. Ct. App. July 27, 2004). Schauer next applied for leave to appeal to the Michigan Supreme Court, but the court denied relief. *People v. Schauer*, 697 N.W.2d 156 (Mich. 2005). Schauer then filed a motion for reconsideration, which the court also denied.

In July 2006, Schauer petitioned for habeas relief under 28 U.S.C. § 2254. He raised four claims, including the ineffective assistance and prosecutorial misconduct claims that the state court had rejected. The district court granted habeas relief, finding that (1) Schauer had been denied effective assistance of counsel; (2) though Schauer had procedurally defaulted his prosecutorial misconduct claim, his ineffective assistance claim provided adequate cause and prejudice to permit collateral review; and (3) the prosecution's closing remarks were flagrant and prejudicial enough to provide independent grounds for habeas relief. *Schauer v. McKee*, 662 F. Supp. 2d 864 (E.D. Mich. 2009). Following the district court's decision, the state moved for a stay and now appeals.

II. Analysis

A.      Standard of Review

We review de novo a district court's grant of habeas corpus. *Wolfe v. Brigano*, 232 F.3d 499, 501 (6th Cir. 2000). The Antiterrorism and Effective Death Penalty Act (AEDPA) allows a federal

court to grant habeas relief if the state court's adjudication of the claim either resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d). Schauer's petition involves the first category.

Under 28 U.S.C. § 2254(d)'s unreasonable application prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002) (per curiam) (citation omitted). "Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner." *Id*. at 25. "If the federal court finds that, viewed objectively, the state court has correctly identified the governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the prisoner's case, it may grant the writ." *Millender v. Adams*, 376 F.3d 520, 523 (6th Cir. 2004) (citation omitted). Nonetheless, the statute's "highly deferential standard . . . demands that state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24 (internal quotation marks and citation omitted).

B.      Ineffective Assistance of Counsel Claim

As his first grounds for habeas relief, Schauer alleges that his trial counsel provided ineffective assistance by permitting prosecution witnesses "to testify extensively to prior consistent

hearsay statements," and by "failing to object to the prosecutor's highly improper vouching argument in closing argument." (Appellee's Br. 19.) Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must demonstrate, considering all of the circumstances, that (1) counsel's performance fell below an objective standard of reasonableness, *id*. at 687–88; and (2) a reasonable probability exists that, but for counsel's conduct, the result would have been different, *id*. at 694.

In assessing *Strickland*'s "objective standard of reasonableness" prong, we consider whether the attorney demonstrated "reasonableness under prevailing professional norms." *Id*. at 688. "There are countless ways to provide effective assistance in any given case." *Id*. at 689. A court "will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689) (internal quotation marks omitted), and may not judge his performance in hindsight, but "within the context of the circumstances at the time of the alleged errors," *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996), *overruled on other grounds by In re Abdur'Rahman*, 392 F.3d 174, 178–82 (6th Cir. 2004). Counsel's reasonable trial decisions are permissible, "even if mistaken." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th. Cir. 2002) (internal quotation marks and citation omitted). Where a petitioner fails to demonstrate that his defense counsel's behavior was objectively unreasonable, the habeas court need not consider its prejudicial effect. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Schauer first faults his attorney for allowing the prosecution to introduce four instances of hearsay testimony into evidence: two from the complainant, in which she read statements that she had previously written; and two from officers who interviewed the complainant, in which they testified as to her interview statements. Schauer argues that because this case lacks eyewitnesses and physical evidence, the "defense counsel's decision not to object . . . is both wholly inexplicable and utterly inexcusable." (Appellee's Br. 23.) The record does not support this strong accusation. As defense counsel explained in his opening statement, he intended to "call every witness . . . to show how [complainant's] story ha[d] changed." (Trial Tr. 153.) Schauer repeatedly refers to the hearsay statements as "consistent," or "bolstering," but overlooks how his attorney gleaned numerous inconsistencies from them and used them to undermine the complainant's credibility. Defense counsel emphasized these disparities in his closing argument with "inconsistency charts." Other circuits endorse this trial strategy as sound. *See, e.g.*, *Bullock v. Carver*, 297 F.3d 1036, 1053–54 (10th Cir. 2002) ("[A] fully informed attorney could have concluded that admitting the hearsay statement [to highlight inconsistencies] was to [the defendant's] strategic advantage and, therefore, that [defendant's] attorneys' performance was not objectively unreasonable."). We agree; "[t]he Constitution does not guarantee every defendant a successful defense." *Moran v. Trippett*, 149 F.3d 1184 (Table), 1998 WL 382698, at *3 (6th Cir. June 8, 1998) (citing *Strickland*, 466 U.S. at 690). Although ultimately unsuccessful, defense counsel's decision not to object to the hearsay testimony fell within the wide range of reasonable assistance permitted under *Strickland*.

As alternate grounds for his ineffective assistance claim, Schauer cites defense counsel's failure to object to the prosecution's improper vouching in closing argument. "Improper vouching occurs when a jury could reasonably believe that a prosecutor was indicating personal belief in a witness' [sic] credibility," *Taylor v. United States*, 985 F.2d 844, 846 (6th Cir. 1993), "thereby placing the prestige of the [government] behind the witness," *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). A prosecuting attorney may not offer any "improper suggestions, insinuations, and, especially, assertions of personal knowledge," as these "are apt to carry much weight against the accused when they should properly carry none." *Berger v. United States*, 295 U.S. 78, 88 (1935); *see also United States v. Kerr*, 981 F.2d 1050, 1052–53 (9th Cir. 1992) (finding that the prosecutor may not properly ask jurors to consider whether four cooperating witnesses were "hoodwinking" the government).

Schauer challenges four sentences of the prosecution's closing argument that asked the jury to consider the complainant's sophistication:

> Now, ladies and gentlemen, I'd also like you to consider when you're considering her credibility—again, is this 15-year-old girl so sophisticated that she is able to pull off this lie, this crime, this perjury? *Is she so sophisticated that she was able to fool state troopers and Children's Protective Services' workers and prosecutors, that she was able to concoct a lie so believable that brought this case into court? And was she able to keep it consistent within reason over the period of the last year in order to pull the wool over everybody's eyes? Is she that sophisticated ladies and gentlemen? No.*

(Trial Tr. 575–76) (emphasis added).

Even if we assume that the prosecution's remarks were improper, the pertinent question is whether counsel's failure to object was both objectively unreasonable and prejudicial. While Schauer claims that "defense counsel's failure to object . . . was constitutionally deficient performance," (Appellee's Br. 28), the state posits that this too was strategy because "defense counsel may not have wanted to draw attention to the prosecutor's remarks," (Appellant's Br. 50). "[N]ot drawing attention to [a] statement may be perfectly sound from a tactical standpoint." *United States v. Caver*, 470 F.3d 220, 244 (6th Cir. 2006). To breach the unreasonableness threshold, "defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice." *Lundgren v. Mitchell*, 440 F.3d 754, 774–75 (6th Cir. 2006). Conversely, "any single failure to object [to closing arguments] usually cannot be said to have been error." *Id*. at 774; *see also Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010) (finding that defense counsel's failure to object to one instance of alleged prosecutorial misconduct was not deficient). Together, these precepts suggest that Schauer's defense counsel's failure to object to this aspect of the prosecution's closing argument falls within the broad range of reasonable trial conduct under *Strickland*. We therefore deny Schauer's ineffective assistance of counsel claim.

## C. Prosecutorial Misconduct Claim

Schauer also cites prosecutorial misconduct (stemming from the prosecution's closing statements) as independent grounds for habeas relief. As the state appellate court correctly decided,

however, Schauer procedurally defaulted the claim due to his failure to object at trial.

For a habeas petitioner to default a claim procedurally, he must have violated a state procedural rule, and "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). "A state prisoner who [procedurally defaults a claim] waives the right to federal habeas review [of that claim] unless the prisoner can demonstrate cause for noncompliance and actual prejudice arising from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice." *Id*. (citation omitted).

In addressing Schauer's claim, the Michigan Court of Appeals limited its analysis to plain error review because of a contemporaneous-objection rule. *Schauer*, 2004 WL 1672450, at *2; *see People v. Sharbnow*, 174 Mich. App. 94, 100 (1989) ("The absence of an objection during trial precludes appellate review of alleged prejudicial prosecutorial remarks unless the prejudicial effect was so great that it could not have been cured by a cautionary instruction and failure to consider the issue would result in a miscarriage of justice."). Procedural default therefore bars our review unless Schauer demonstrates cause and actual prejudice, or a fundamental miscarriage of justice.

Schauer offers the ineffective assistance of his trial counsel to overcome this procedural default. (Appellee's Br. 32.) Ineffective assistance of counsel can provide the necessary cause to excuse procedural default. *Hofbauer*, 228 F.3d at 698. As we have already discussed though,

defense counsel's activities do not constitute ineffective assistance; Schauer's attempt to show cause

and actual prejudice therefore fails. And Schauer, recognizing the miscarriage of justice exception's

narrowness, does not raise this argument. Because Schauer's prosecutorial misconduct claim falls

outside of these two exceptions, procedural default forecloses this court's collateral review.

## III. Conclusion

Accordingly, we reverse the district court's grant of habeas relief.