NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0123n.06

No. 09-1473

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
**Feb 22, 2011**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| DONALD MALONE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TERRY SHERMAN, Warden, Ojibway Correctional | ) | THE EASTERN DISTRICT OF |
| Facility, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: KENNEDY, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. According to a Michigan jury, in 1988 Donald Malone shot and killed a man outside of a grocery store in Detroit, Michigan. The jury convicted Malone of first-degree murder and using a gun during the commission of that felony. Malone was given a life sentence for the murder and a two-year consecutive sentence for the gun charge. For more than twenty years, Malone has unsuccessfully challenged his convictions through direct and collateral review in state court, and habeas corpus review in federal court. His case is now before us on appeal from the district court's denial of his habeas petition.

In the district court, Malone claimed that his trial and appellate counsel were ineffective, that the prosecutor committed misconduct, and that newly discovered evidence entitled him to a new trial. The district court denied his petition on the merits. The court thereafter granted a certificate

of appealability for Malone's claims based on prosecutorial misconduct and newly discovered evidence. Both the district court and this court declined to grant a certificate on Malone's ineffective assistance of counsel claims.

As Malone's counsel now concedes, new evidence does not constitute a freestanding ground for habeas relief. *See Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). So we review the new evidence only as it supports Malone's prosecutorial-misconduct claims.

Malone claims that the prosecutor violated his Sixth Amendment rights by impeaching a trial witness with questions that implied the prosecutor's personal knowledge about the subject of the witness's testimony. Malone also claims that the prosecutor knowingly put on perjured testimony by allowing several witnesses to testify to facts that, according to Malone, were directly contradicted by statements contained in a redacted police report. The State responds that both claims are procedurally barred. We review that issue de novo. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 418 (6th Cir. 2003).

A claim is procedurally barred if the state court enforces a state procedural rule as an adequate and independent ground to deny relief of a federal constitutional claim. *See Carter v. Mitchell*, 443 F.3d 517, 537-38 (6th Cir. 2006). In that event, the court's "discussion of the merits of the claim will not disturb the procedural bar." *Id*. at 538 (internal quotation marks omitted).

That rule governs here. Malone first raised his prosecutorial-misconduct claims in a motion for relief from judgment in the state trial court. The court issued a reasoned order denying relief to Malone. The Michigan court of appeals and supreme court denied leave to appeal in orders that merely cited Michigan Court Rule 6.508(D). "[F]orm orders . . . citing 6.508(D) are ambiguous,"

2

however, so we "look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Malone's claims. *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc). That means here we look back to the state trial court's order denying relief from judgment.

That court explained at length that Malone's prosecutorial-misconduct claims were procedurally barred under state law. That holding was an adequate and independent state-law ground for the court's decision. That the court parenthetically noted that the claims were without merit does not change the adequate and independent character of its procedural holding. *See Carter*, 443 F.3d at 538. As a result, we may not grant relief on these claims unless Malone can establish "cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default." *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).

Malone argues that his appellate counsel's ineffectiveness establishes cause for his failure to raise these claims in his direct appeal. "Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel." *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003). But Malone presented this same argument—appellate-counsel ineffectiveness—as an independent claim before the district court. We think the district court properly rejected that claim, and we did not find the issue close enough to warrant even a certificate of appealability. We do not see its merits any differently now. Malone therefore "cannot rely upon ineffective assistance of appellate counsel as cause to excuse . . . the procedural default." *Id*. at 746.

Of course, if Malone's newly discovered evidence supported a credible claim of actual innocence, it could excuse his procedural default in order to avoid a miscarriage of justice. *See Schulp v. Delo*, 513 U.S. 298, 314-17 (1995). To show that his case is the "extraordinary" one

3

warranting application of this exception, Malone must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 321, 327. Although Malone's new evidence tends to undercut the prosecution's identification evidence, it is not the kind of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that is typically necessary to obtain this relief. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (internal quotation marks omitted); *see also id.* at 571-77. So we cannot apply this exception here.

We also agree with the district court's denial of each claim on the merits. First, the prosecutor's supposed testimony (in questioning a trial witness) was entirely cumulative of testimony from three other witnesses who impeached the same witness with the same evidence. *Compare Berger v. United States*, 295 U.S. 78, 84-88 (1935) (prosecutor testified as to facts not otherwise admitted at trial). And second, we agree with the district court's conclusion—which was exhaustively reasoned—that Malone has not demonstrated that any testimony introduced by the prosecution "was false, that the prosecution knew it was false, and that it was material." *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000).

We have no basis, therefore, to afford Malone relief on his claims. The district court's judgment is affirmed.

No. 09-1473
*Malone v. Sherman*

**CLAY, Circuit Judge, dissenting**. The prosecutor's inappropriate questioning of witness Carey Jackson rendered Petitioner's trial fundamentally unfair and violative of due process. Because the majority misapplies the law in denying Petitioner any possibility of relief, I respectfully dissent.

Petitioner is a state inmate serving a life sentence for murder. He was convicted in 1989 after a jury trial in which the main issue was the identity of the assailant. After exhausting the state appellate process, Petitioner filed the present petition for a writ of habeas corpus, seeking relief based on the following assignments of constitutional error: failure to consider newly discovered evidence; two instances of prosecutorial misconduct at trial; and ineffective assistance of trial and appellate counsel.

Based on a review of the record, at least one of Petitioner's claims of prosecutorial misconduct appears to be meritorious. As Petitioner contends, the prosecutor committed serious misconduct at trial in her questioning of witness Jackson.[1] Jackson, a witness to the murder, testified at trial that on the day of the murder, he observed two men exit a vehicle and approach the victim. Jackson further testified that although he knew Petitioner, he did not recognize Petitioner as either of these two men. When asked by the prosecutor whether he had previously identified Petitioner to the police as the assailant, Jackson responded in the negative. Jackson admitted that he spoke to the police, but denied signing a police statement or participating in a photographic line-

---

[1]Petitioner also claims that the prosecutor knowingly offered false testimony at trial. This claim rests on a redacted police report that, according to Petitioner, disproves the testimony of the state's main witness, Melvin Mann, and two police officers who also testified. Although this claim of prosecutorial misconduct raises serious questions about the conduct of the prosecution in the underlying state proceedings, the report was not provided in unredacted form to the Court, frustrating any attempt to assess Petitioner's arguments in this regard.

up in which he identified Petitioner. Any evidence to the contrary, Jackson contended, was a fabrication.

During the examination, the following exchange took place between the prosecutor and Jackson:

> **Q.** And you told me at that time that you had made parts of this [police] statement, didn't you?
> **A.** Yes, I did.
> **Q.** And you identified to me parts of the statement that you had made? [Objection by Defendant; overruled.]
> **Q.** And you told me that at that time, didn't you, that you had made portions of this statement? [Objection by Defendant; overruled.]
> **Q.** Did you or did you not tell me at that time, I believe it was the 30th of March, last Thursday, that you made some of the things in this statement?
> **A.** I did.
> **Q.** And did you or did you not with Investigator Marvin Butler from Homicide sitting right there tell me that this was, in fact, your signature?
> **A.** No, I didn't.
> **Q.** You didn't?
> **A.** [No verbal response.]

(App'x at 41-43 (reprinting 2 Tr. at 249-51).) Petitioner argues that this colloquy was plainly improper because the prosecutor asserted personal knowledge in order to inappropriately discredit Jackson's trial testimony. Petitioner is correct in that the prosecutor took on the role of a critical witness for purposes of disputing the testimony of a material witness. I would grant him relief on this ground.

To prevail on his claims of prosecutorial misconduct, Petitioner must show that: 1) the conduct was improper; and 2) the conduct was "flagrant." *Lutze v. Sherry*, 392 F. App'x 455, 460 (6th Cir. 2010). Because there is no state court decision addressing the merits of Petitioner's claims

of prosecutorial misconduct, this Court reviews the issue *de novo*. *See Williams v. Anderson*, 460 F.3d 789, 797-98 (6th Cir. 2006).

The prosecutor's line of questioning was plainly improper. As this Court has stated, "[a] prosecuting attorney may not offer any 'improper suggestions, insinuations, and, especially, assertions of personal knowledge,' as these 'are apt to carry much weight against the accused when they should properly carry none.'" *Schauer v. McKee*, No. 09-2360, 2010 WL 4781396, at *4 (6th Cir. Nov. 17, 2010) (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). The prosecutor in this case inappropriately provided her version of a conversation, which was not in evidence, that allegedly took place between the prosecutor and Jackson.

Obviously, the prosecutor's questions were designed to permit the prosecutor to personally impugn Jackson's credibility by suggesting that Jackson's testimony was untruthful to the extent Jackson stated that he did not recognize the shooter as Petitioner or sign a prior statement to that effect. *See, e.g., United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999) (stating that it is improper for a prosecutor to make "comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony").

In addition to being improper, the prosecutor's conduct was flagrant and as such "so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168; *see also Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). In considering whether prosecutorial misconduct is flagrant, the Court considers whether: 1) "the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant;" 2) "the

7

conduct or remarks were isolated or extensive;" 3) "the remarks were deliberate[] or accidental[];" and 4) "the evidence against the defendant was strong." *Lutze*, 392 F. App'x at 460. Application of these factors compels the conclusion that the prosecutor's misconduct in this case was flagrant.

First, the prosecutor's improper questions were likely to mislead the jury. The prosecutor's line of questioning inappropriately attacked Jackson's credibility based upon the prosecutor's purported personal knowledge of the matters to which Jackson testified. These improper questions likely suggested to the jury that it should discount Jackson's testimony that he could not identify, and had not previously identified, Petitioner as the assailant. *See Berger*, 295 U.S. at 88 ("[I]mproper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none."). Moreover, despite counsel's objection at trial, the trial judge did not give a cautionary instruction to the jury. *Cf. Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006) (noting that a limiting instruction may cure prejudice). The improper questioning was particularly damaging to Petitioner because the main issue at trial was the identity of the shooter.

Second, even though the improper questioning was limited to one witness, and two police officers testified that Jackson signed a police statement that identified Petitioner, Jackson's testimony was significant to the defense's attempt to cast reasonable doubt on Petitioner's guilt.

Third, although there is no direct evidence regarding the prosecutor's intent to engage in misconduct, the obvious and repetitive nature of her improper questioning suggests intent. *See Bates v. Bell*, 402 F.3d 635, 648 (6th Cir. 2005) (inferring intent to commit misconduct from the "strategic use" of improper statements).

8

Finally, the overall strength of the evidence in this case was not overwhelming. The identification of Petitioner hinged on the credibility of only a few witnesses, one of whom was a prior suspect in the murder. Had the jury been able to consider the testimony of Jackson without the taint of the prosecutor's misconduct, the result of the trial very well may have been different.

Despite the serious nature of the prosecutorial misconduct that occurred at trial, the majority summarily dismisses Petitioner's claims of prosecutorial misconduct, finding that they are procedurally defaulted. But, as explained below, to the extent the claims may be defaulted, Petitioner has shown sufficient "cause" and "prejudice" such that we may excuse the apparent default and reach the merits of Petitioner's claims of prosecutorial misconduct.

The doctrine of procedural default bars a federal court from considering the merits of a habeas claim if: "(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; [and] (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim[.]" *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010). We may, however, consider an otherwise defaulted claim upon a showing of "cause" for the default, and that "prejudice" resulted therefrom. *Id.*

In this case, the state procedural rule with which Petitioner failed to comply is Michigan Court Rule 6.508(D). The rule provides, in pertinent part, that the "court may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction," unless the defendant demonstrates "good cause" and "actual prejudice," or "a significant possibility that the defendant is innocent of the crime."

Petitioner does not dispute that his appellate counsel failed to raise his present claims of prosecutorial misconduct on direct appeal in violation of M.C.R. 6.508(D)(3). Because this is an adequate and independent ground to deny review, *see Boyd v. Yukins*, 99 F. App'x 699, 704 (6th Cir. 2004), the Court must then look to the last reasoned state court decision to determine whether the rule was enforced in this case. *See Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010) (en banc).

The last reasoned state court decision is the June 15, 2008 order of the Third Judicial Circuit that rejected Petitioner's motion for post-judgment relief. The subsequent orders of the Michigan appellate courts are not reasoned decisions, as each denies leave to appeal by stating only that Petitioner failed to meet the burden of establishing entitlement to relief under the rule. *See id.* (holding that a materially identical state appellate order was not a reasoned decision).

In its decision, the Third Judicial Circuit denied Petitioner relief under the rule, opining in relevant part as follows:

> The minimum threshold require[s] that the issues cannot be raised under this rule if the grounds could have been raised in an appeal or other motion unless good cause and actual prejudice is demonstrated. Defendant's contentions that the prosecutor acted as a witness during the questioning of a witness at trial, that the prosecutor knowingly used perjured testimony, and that trial counsel was ineffective (each of which this court concludes is without merit) could have been raised in defendant's appeal of right. Defendant presented no . . . grounds that would be an exception to the rule and the facts of this case defies [sic] any possibility . . . [of] innocen[ce].

This language, although conclusory, seems to reject Petitioner's claims of prosecutorial misconduct on procedural grounds. We may, however, reach the merits of these claims because Petitioner has shown "cause" and "prejudice" to excuse his default on the basis of ineffective assistance of appellate counsel. *See Williams v. Anderson*, 460 F.3d 789, 800 (6th Cir. 2006) ("[I]neffective

assistance of appellate counsel constitutes cause for failing to properly present a claim before a state court.").

To establish ineffective assistance of appellate counsel, Petitioner must show that: 1) counsel's performance was objectively deficient; and 2) the deficiency resulted in prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Haliym v. Mitchell*, 492 F.3d 680, 694 (6th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

It is true, as the majority notes, that Petitioner did not receive a certificate of appealability ("COA") on his claim of ineffective assistance of appellate counsel that he brought in the district court. But this fact does not end our inquiry. The Court may[2]—and should in this case—*sua sponte* expand the COA, which was improperly denied in the first instance. In issuing a partial COA, the district court held that "a reasonable jurist could conclude" that Petitioner's claims of prosecutorial misconduct had merit, but that "reasonable jurists could not debate" that his appellate counsel was

---

[2]A hearing panel may *sua sponte* expand a COA even where, as here, a single-member of the Court has previously declined to do so. *See, e.g.*, *Post v. Bradshaw*, 621 F.3d 406, 412-13 (6th Cir. 2010) (noting that the Court "impliedly" expanded the COA by permitting the briefing of new issues, even though a prior order of the Court declined to expand the COA); *Humphreys v. United States*, 238 F. App'x 134, 138-39 (6th Cir. 2007) (reaching an issue that was fully briefed by the parties even though a COA had not been previously issued) (citing, *inter alia*, *Mack v. Holt*, 62 F. App'x 577, 578 (6th Cir. 2003) (per curiam) (noting that the Court initially certified one issue for appeal, but subsequently *sua sponte* certified another)); *accord United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009) ("Circuit courts . . . have recognized that they possess the authority to expand the COA to cover uncertified, underlying constitutional claims asserted by an appellant.");*United States v. Morgan*, 244 F.3d 674, 675 (8th Cir. 2001) (holding that "an [appellate] hearing panel [may] exercise its discretion to consider sua sponte issues beyond those specified in a certificate of appealability, whether the certificate was issued by a district court or by an administrative panel of [that] court."); *see also* Fed. R. App. P. 27(c) ("The court may review the action of a single judge.").

not ineffective for failing to raise the same claims on direct appeal. This reasoning is flawed. If a reasonable jurist could find merit in Petitioner's claims of prosecutorial misconduct, then surely a reasonable jurist could find merit in Petitioner's claim of ineffective assistance of counsel for failure to raise those same claims on direct appeal.

Upon a properly expanded COA, Petitioner has established cause for his default because his appellate counsel failed to raise a clearly meritorious issue on direct appeal. *Cf. Greer v. Mitchell*. 264 F.3d 663, 676 (6th Cir. 2001) (noting that counsel cannot be ineffective for failing to "raise an issue that lacks merit."). The record reveals that counsel raised five issues on direct appeal, including insufficiency of the evidence, but omitted the instant claims of prosecutorial misconduct. Although counsel need not raise every non-frivolous ground for relief, *see Jones v. Barnes*, 463 U.S. 745, 754 (1983), appellate counsel must nonetheless exercise reasonable professional judgment by pursuing the issues with the greatest merit. *See DeWitt*, 341 F.3d at 441; *see also Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999) (listing eleven factors that courts may consider in addressing claims of ineffective assistance of appellate counsel).

Appellate counsel in this case failed to exercise reasonable professional judgment by deciding to forgo a challenge to the prosecutor's plainly improper questioning of witness Jackson, despite trial counsel's objections at trial. *See Matire v. Wainwright*, 811 F.2d 1430, 1438 (8th Cir. 1987) ("The improper comment was obvious on the record, and must have leaped out upon even a casual reading of transcript."). The five issues raised on direct appeal were found to be without merit, and Petitioner does not pursue them in federal court. The record reveals "no reasonable justification" for appellate counsel's abandonment of the issue on direct appeal. *See Mapes*, 171 F.3d at 429.

12

Given the significance of the prosecutorial misconduct, counsel's performance fell below an objective standard of reasonableness by failing to raise the issue on direct appeal. *See, e.g.*, *DeWitt*, 341 F.3d at 441.

Moreover, counsel's unreasonable omission of this meritorious claim on direct appeal prejudiced Petitioner. Petitioner was unable to challenge his conviction on this meritorious ground before the state courts, thereby precluding Petitioner from attaining relief on this ground in state court. Had counsel raised the instant of prosecutorial misconduct claim on direct appeal, it seems probable that the result of the direct appeal "would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, for the reasons explained above, I would grant the petition for a writ of habeas corpus because the prosecutor violated Petitioner's right to due process by improperly questioning witness Jackson. The majority unreasonably declines to grant relief, and I respectfully dissent.